UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICKESHA VENISHA REID,

                Plaintiff,                      Case No. 2:25-cv-13273

v.                                        Honorable Susan K. DeClercq
                                        United States District Judge
LENTO LAW GROUP, et al.,

                Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 3) AND DISMISSING WITHOUT PREJUDICE THE COMPLAINT (ECF No. 1)**

On October 15, 2025, Plaintiff Nickesha Venisha Reid sued Defendants Lento Law Group, Eric B. Mays Foundation, Hasslebring Senior Center, 810 Media Group, Tonya Burns, John E. Groff, David Haislip, Wyntis Hall, Joseph D. Lento, Beverly Biggs-Leavy, and William Reyes in the Western District of Michigan. ECF No. 1. On October 17, 2025, the suit was transferred to the Eastern District of Michigan because "[a]ll of the defendants appear to be located [there], all the events occurred there, and it appears Plaintiff intended to file there." ECF No. 2 at PageID.97.

Reid also applied to proceed *in forma pauperis*. *See* ECF No. 3. The application supports her claim of poverty, so it will be granted. But because Reid proceeds *in forma pauperis*, her claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Although Reid's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because she proceeds *pro se*, she must comply with the Civil Rules and present a plausible claim for relief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This includes compliance with standing requirements. *See Allen v. Wright*, 468 U.S. 737, 751 (1984). Standing involves "several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights." *Id.* Similarly, courts have found that "frivolity" under 28 U.S.C. § 1915(e)(2), "includes lack of jurisdiction, and [thus] lack of standing." *Groulx v. Zawadski*, 635 F. Supp. 3d 574, 576 (E.D. Mich. 2022).

In the complaint, Reid does not appear to bring any claims on her own behalf.[1]

---

[1] The only allegations that reference Reid herself include factual allegations that Defendants made disparaging comments and threats with "letters, lawsuits, and

*See* ECF No. 1. Instead, she states that through a power of attorney, she represents and sues on behalf of Eric Hakeem Deontaye Mays, "the sole heir and Personal Representative of the Estate of [deceased] Councilman Eric Bradford Mays." *Id.* at PageID.2.[2] Thus, the Court finds that Reid, as plaintiff, lacks standing in this action. *See Chapman v. Kilroy Rests., Inc.*, No. 1:16-CV-372, 2016 WL 1567258 at *2–3 (S.D. Ohio Mar. 15, 2016) (dismissing complaint filed by *pro se* plaintiff on behalf of nonparty under a purported power of attorney because plaintiff did not allege injury to herself, thus lacking standing), *reported and recommendation adopted,* 1:16cv372, 2016 WL 1556373 (S.D. Ohio Apr. 18, 2016).

As the Sixth Circuit has held, a party may not appear *pro se* where that party represents another's interests. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see also* 28 U.S.C. § 1654 ("In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel."). Civil Rule 11 requires that a pleading be signed by the attorney, "or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Therefore, because Reid does not appear to be

---

media campaigns designed to intimidate" Mays and Mays' attorney-in-fact. ECF No. 1 at PageID.3–4. But such allegations do not align with any of the claims she brings, nor with the consistent language that she seeks "relief, and compensation for damages [that Defendants] caused to the estate and heirs." *Id.* at PageID.6.

[2] Notably, Mays is not a plaintiff in this action. *See Chapman v. Kilroy Rests., Inc.*, No. 1:16-CV-372, 2016 WL 1567258 at *2–3 (S.D. Ohio Mar. 15, 2016) (finding firstly that the person against whom the defendants allegedly harmed was not a plaintiff).

an attorney, and because Mays is not a plaintiff who signed the complaint, the complaint does not comply with 28 U.S.C. § 1654 and Civil Rule 11. *See* 28 U.S.C. § 1654; *see also* Fed. R. Civ. P. 11(a).

Furthermore, a power of attorney does not authorize a non-attorney to represent another in federal court. *See Bielicki v. Deopker*, No. 1:23-cv-12692, 2025 WL 2014924 at *2 (E.D. Mich. June 17, 2025), *report and recommendation adopted*, No. 23-12692, 2025 WL 2015000 (E.D. Mich. July 17, 2025). This is because a power of attorney creates an attorney-in-fact, *i.e.*, agent status to conduct business for another; whereas an attorney-at-law may represent another in court litigation. *Khatri Estate v. Dearborn Pub. Schs.*, No. 4:23-cv-12930, 2025 WL 2427196 at *9 (E.D. Mich. July 31, 2025), *report and recommendation adopted*, No. 23-cv-12930, 2025 WL 2408791 (E.D. Mich. Aug. 20, 2025). Therefore, Reid may not represent in court Mays or the Estate, regardless of whether she was granted a power of attorney.[3] *Id.*; *see also William Huron Gardens 397 Trust v. Twp. Of Waterford*, No. 18-12319, 2019 WL 2051967 at *3 (E.D. Mich. Feb. 28, 2019) ("[T]rusts must be represented by an attorney."), *report and recommendation adopted*, No. 18-12319,

---

[3] Notably, there appears to be a potential dispute regarding whether Reid actually has a power of attorney for the Estate. *See* ECF No. 1-1 at PageID.12 (containing a letter from Lento Law Group in which Lento Law Group informed Reid that it lacked requisite documentation to confirm that Reid had a power of attorney for Mays' Estate).

2019 WL 1324242 (E.D. Mich. Mar. 25, 2019). In sum, Reid lacks standing to bring

this suit, so this complaint must dismissed as frivolous. *See Zawadski*, 635 F. Supp.

3d at 576.

Accordingly, it is **ORDERED** that the Application to Proceed Without

Prepaying Fees or Costs, ECF No. 3, is **GRANTED**.

Further, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED**

**WITHOUT PREJUDICE**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 30, 2025